# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00611-CR

---

**Jeremy Dwayne Parker, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 274TH DISTRICT COURT OF COMAL COUNTY**
**NO. CR2025-043C, THE HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Jeremy Parker is appealing his judgments of conviction and sentence for possession of a controlled substance with intent to deliver and evading arrest or detention with a vehicle. During the trial, Officer Beverly Fraga's body-cam recording of her "vehicle inventory" was admitted into evidence as State's Exhibit Number 4. According to her testimony, the recording captured her discovery, among other things, of Ziploc bags, a crystal-like substance, a scale, drug ledgers, a knife, and several cell phones.

According to Parker, he was notified that State's Exhibit Number 4 has become corrupted and is no longer working, and the parties cannot agree on whether or how to correct the reporter's record. Parker filed a motion requesting that this Court abate the appeal and remand the case to the trial court for a hearing under Rule 34.6 of the Texas Rules of Appellate Procedure. The State filed a response asserting that the court reporter has recently confirmed for the parties

that the issue is not that the disc "is no longer working" at all, but that the disc will not play beyond 32:43, and will not upload to this Court's system electronically. The State notes that it only published the exhibit to 23:38. The State asks us to deny Parker's motion, or hold it in abeyance and direct the trial court clerk to send the original State's Exhibit 4 to this court.

State's Exhibit 4 has not been included in the record before us. We, therefore, abate this case and "submit the dispute to the trial court for resolution." Tex. R. App. P. 34.6(e)(3). Rule 34.6(e)(2) provides that if the parties cannot agree on whether or how to correct the reporter's record so that the exhibit is accurate, "the trial court must—after notice and hearing—settle the dispute." *Id*., R. 34.6(e)(2). "If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court." *Id*. If such certified corrections are not possible because the exhibit had been lost or destroyed, we order the trial court to make findings under Rule 34.6(f). *Id*., R. 34.6(f). Finally, if the trial court determines that original exhibit should be inspected by this Court or sent to this Court in lieu of a copy, the trial court must proceed under Rule 34.6(g). *Id*., R. 34.6(g).

The findings shall be made and any necessary supplements shall be filed within 30 days of the date of this order.

It is so ordered on January 23, 2026.


Before Justices Triana, Kelly, and Ellis

Abated and Remanded

Filed: January 23, 2025

Do Not Publish

2